## ROSALINE FRISBY v. WADE HARRISSON.

1. APPEARANCE: WAIVER OF NOTICE:—It is well settled, that the voluntary waiver of notice by a party to a judicial proceeding is sufficient, and dispenses with service of the notice.

2. RECORD: AVERMENT OF APPEARANCE IN: HOW CONTROVERTED.—The statement in the record of the Probate Court, in relation to proceedings in final settlement of an administrator, that the parties appeared and waived notice, is conclusive evidence of that fact, and cannot be controverted, except upon writ of error duly prosecuted. See *Hardy* v. *Gholson*, 26 Miss. R. 72.

3. HUSBAND AND WIFE: INFANTS: RIGHT OF HUSBAND TO REPRESENT WIFE'S INTEREST.—The husband is authorized by statute to act for his infant wife, in all matters, in which personal estate is to be received in her right, and this empowers him to represent her interest, on the final settlement of an estate, of which she is a distributee; and it is therefore unnecessary to appoint a guardian *ad litem*, for that purpose.

4. INFANTS: GUARDIAN AD LITEM.—It seems, that it is unnecessary to appoint a guardian *ad litem*, to protect the interest of a minor distributee, on the final settlement of an estate, in which the infant is interested.

APPEAL from the Probate Court of Jefferson County. Hon. J. M. Ellis, judge.

Rosaline Frisby, by Norman Frisby, her guardian, filed her petition in the Probate Court of Jefferson county, against Wade Harrisson, in which she alleged, that in 1847, one Sarah Woodward died in said county, and said Wade Harrisson was appointed

her administrator. That Martha Jane Frisby, the mother of said Rosaline, was niece and heir at law to said Sarah Woodward. That afterwards the said Wade Harrisson pretended to make a final settlement of his said administration, but that the same is void. That it was made without notice, as to said Martha Jane, mother of petitioner: that the said Martha Jane, was a minor, and a *feme covert* at the time, and no guardian *ad litem* was appointed. That said Martha Jane and her husband, have since both died. Petitioner prays that said Wade Harrisson be cited, and ordered to make a final settlement of said estate.

Wade Harrisson demurred, upon the ground that petitioner had no right to demand the relief prayed for.

The defendant then filed his answer, in which he stated that in May, 1848, he stated and filed his final account, and that on the presentation of the same to the court, the said Martha Jane Frisby, and Thomas H. Frisby, her husband, and all other parties interested, voluntarily came into court and entered their appearance, and waived citation and notice; and thereupon the court allowed said account, and ordered the same to be recorded, which said judgment is now in full force and unreversed. He relies upon that in bar of the present proceeding. Admits the infancy of Martha Jane at the time, and makes the proceeding of the court, in relation to the final settlement, an exhibit and a part of his answer. The record and judgment of the court, allowing the final account, recited that "the parties interested in the estate, to wit: Henderson Frisby and Martha his wife, John O'Quinn, Lewis H. Sims, guardian for Robert and Thomas O'Quinn, and Mabella Harrisson, being present in court and waiving formal notice and publication," &c., "that the court thereupon examine and allowed the account," &c.

The answer also stated, that Norman Frisby was the administrator of said Martha Jane Frisby, and relied upon that in bar of petitioner's right to sue. Upon the trial, the Probate Court dismissed the petition, and the petitioner appealed.

*George V. Moody*, for appellant.

1. The pretended final account was void for want of notice.

*Neal* v. *Wellons*, 12 S. & M. 649 ; 1 How. 55 ; 5 S. & M. 600 ; 14 Ib. 204; and the parties may treat it as a nullity. *Pendleton* v. *Prestridge*, 13 S. & M. 302.

2. The waiver of notice, as to Martha Jane Frisby, she being both a minor and a married woman, acting in the presence of her husband, cannot supply the defect. 13 S. & M. 133. The whole series of the decisions of this court, militate against the idea that a married woman can do any act which may deprive her of her separate property, except in the mode required by the acts of 1839 and 1846, nor by decree, unless by process.

3. It was indispensable, to give validity to the decree, that a guardian *ad litem* should have been appointed for Mrs. Frisby. Hutch. Code, 728, § 4; Ib. 682, § 12 ; Ib. 663, § 87 ; 6 Ala. R. 607 ; Daniel, Ch. Prac. 871. Her interest cannot be affected by consent of parent or guardian. Daniel, Ch. Prac. 122, and note; *Coleman* v. *Wolfcote*, 2 Hare, 147 ; nor can she consent in court. *Whitemarsh* v. *Robertson*, 14 L. J. Ch. R. 157.

4. The record does not show, that any administration was ever granted upon Martha Jane Frisby's estate. The petitioner, therefore, as her heir and only child, is certainly *interested* in the estate of Sarah Woodward, and as such may file this petition. The cases in 4 S. & M. 711; 4 How. 458; Ib. 316; and, 1 Ib. 558, show that the Chancery Court has jurisdiction of a bill by an heir and distributees, to recover against parties in possession, where there is no administration of the estate of the ancestor.

*R. North*, for appellees.

1. The decree is not void, and it cannot be avoided in this suit. The court had jurisdiction of the subject-matter, and the record shows that it has jurisdiction of the person. The statute directs that when a female ward shall marry, her property shall be delivered to her husband. This dispenses with a guardian *ad litem*, and authorizes the husband to act for her.

2. The appearance and waiver mentioned in the record, cannot be contradicted by extrinsic evidence. Cow. & Hill, notes to Phil. Ev. Ch. 1, part II., p. 209 ; *Selin* v. *Snyder*, 7 S. & Rawle, 160 ; 11 Ib. 436 ; *Raborg* v. *Hammond*, 2 Harr. & Gill, 42, 50 ;

*Rust* v. *Frothingham*, 1 Breese, 258; 1 Brod. & Bing. 432; S. C. Moore, 50; 8 Johns. R. 46, 47; *Mackeboy* v. *The Commonwealth*, 2 Virg. Cas. 268; see also, *Lincoln* v. *Tower*, 1 How. 473; *Westervelt* v. *Lewis*, Ib. 511; *Stephen* v. *Pettit*, 1 Ib. 525; *Jones* v. *Hunter*, 4 Ib.; *Miller* v. *Ewing*, 8 S. & M. 427; *Field* v. *Gibbs*, Peters, C. C. R. 156. A voluntary appearance of a party in court, dispenses with notice, and cures a defective or irregular notice. 3 M'Lean, 622; 1 Ib. 172; 1 How. 525; *Jones* v. *Hunter*, 4 Ib.; *Miller* v. *Ewing*, 8 S. & M. 427; *Foot* v. *Battle*, 13 Ib. 139; 24 Miss. R. 507; 2 Daniel, 1185; see also, *Hardy* v. *Gholson*, 4 Cushm. 72, which is directly on the point, and conclusive.

The alleged infancy and coverture of the mother of petitioner, cannot be inquired into in this proceeding. The remedy at law, is by writ of error *coram nobis*. 5 U. S. Dig. 234, §§ 371, 372; 3 Dev. 241; 2 U. S. Dig. 540, 542, §§ 140, 145, 184, 189.

In equity, the proper remedy is by original bill, to set aside the decree. Story, Eq. Pl. § 427. A decree may be made by consent against infants, and they will be bound, and also against married women. 1 Barb. Ch. P. 373; 2 Daniel, Ch. 1210, 1214.

The administrator of Martha Frisby was the proper party to bring the suit. *Marshall* v. *King*, 2 Cushm. 86; *May* v. *Rocket*, 3 Ib.; *Browning* v. *Watkins*, 10 S. & M. 483.

HANDY, J., delivered the opinion of the court.

This was a petition filed by the appellant in the Probate Court, against the appellee, to compel him to render a final account, as administrator of Sarah R. Woodward, deceased.

The appellant claims under her mother, Martha Jane Frisby, who was a niece of Sarah R. Woodward, and who died in the year 1853, and alleges, that although the appellee pretended to make a final settlement of his account in May, 1848, that settlement was void, because Martha Jane Frisby, who was one of the distributees, was then a minor, and the wife of Thomas H. Frisby, and that no legal notice was given of that settlement, nor was any citation issued in relation to it.

The answer shows that when the appellee returned his final

account to the Probate Court, in May, 1848, the father and mother of the appellant voluntarily came into court and entered their appearance in the matter of the settlement, and produced the record of the proceeding, showing that all the parties interested waived formal notice; and that thereupon the account was examined and allowed, and that the administrator thereupon ceased to have any connection with the estate.

It is now insisted in behalf of the appellant, first, that the final settlement is void for want of notice to Thomas H. Frisby, and Martha his wife, and second, because Martha Jane Frisby, being then a minor, no guardian *ad litem* was appointed for her.

Upon the first point it is well settled, that the voluntary appearance of a party to a judicial proceeding is sufficient, and that it dispenses with notice, because he does that without notice, which it is the only object of notice to compel him to do. It is also clear that the statement in the record of the proceedings upon the final settlement, that the parties appeared and waived notice, is conclusive evidence of that fact, and not to be controverted, except upon writ of error duly prosecuted. *Hardy* v. *Gholson*, 26 Miss. 72.

Upon the second point, we do not think that it was necessary to appoint a guardian *ad litem*, to Mrs. Frisby, under the circumstances of the case.

It was a proceeding by which the account of the appellee in administering the estate, was to be settled; and the parties interested therein as distributees were required to have notice of it, only for the purpose of giving them an opportunity of examining the account, and seeing that it was just and proper. No title to property belonging to them was to be changed, nor were they required to make any answer; and indeed there appears to be no greater reason for regarding them as respondents, than as plaintiffs or actors in the proceeding. All that is required by reason of the statute prescribing notice is, that the interest of the parties concerned shall be protected by those competent in law to protect them, without regard to the technical rules applicable to formal suits. The husband of the minor wife would certainly appear to be the most appropriate person to protect her interest in the estate,

because in doing so, he protects his own interest, which is intimately connected, if not identical with it.

By our statute, if the property belonging to her had been in the hands of a guardian, that trust would have ceased upon the marriage, and the husband would have become entitled to receive it from the guardian. (Hutch. Code, 506, § 135.) And this statute clearly recognizes the right of the husband to act for his infant wife in all matters in which personal estate is to be received in right of the wife. For there is no greater reason why the husband should be incompetent to represent his wife's interest in settling with an administator, than in settling with a guardian, which is expressly authorized by the statute; and in either case, if he would be competent to make a settlement out of court, in relation to her rights or interest in an estate, for the same reason he would be competent to represent her interest in a mere matter of settlement in court; and his power to do the former act will scarcely be denied.

But in addition to this, under the provisions of this act the husband is clothed with the same power over the wife's property and rights, that the guardian would have; and by the act of 1846, (Hutch. Code, 728, § 4,) the guardian had the power to represent her in any proceeding in the Probate Court, affecting her rights or interest.

Whether, therefore, we consider the reason and expediency of the matter, or the rule to be deduced from the statute first above cited, we cannot doubt but that the husband was invested with full legal capacity to represent the interest of his wife, in any such proceeding as that under consideration.

The decree is therefore affirmed.

A petition for re-argument was filed, but overruled.